GENERAL MOTORS ACCEPTANCE CORP.
v. SCHONEKE. ET AL.

(March 7, 1932.    Opinion and Decree.)
(April 4, 1932.    Rehearing Refused.)

O'Niell & O'Niell, of New Orleans, attorneys for plaintiff, appellee.

Henry J. Rhodes and J. A. Morales, of New Orleans, attorneys for defendants, appellants.

HIGGINS, J.  This is a suit by an alleged bona fide holder for value in due course before maturity of a certain promissory note against the defendants, Fredrico Schoneke and Alex Mastio, in solido, as co-makers of the note, for a balance of $142 thereof, with 8 per cent interest and 25 per cent attorney's fees.

Mastio answered, denying liability, and averring that the note was obtained through fraud and misrepresentation' on the ground that he was told that he was merely signing a credit recommendation for his co-maker, and that, if he had known that he was signing a note, he would not have done so.

The sheriff was unable to locate Schoneke, the other defendant, for the purpose of serving citation upon him.

There was judgment in favor of the plaintiff, as prayed for, against the defendant Mastio, and he has appealed.

The record shows that Schoneke, who was a minor, was living with Mastio, and desired to purchase a Chevrolet automobile from the Menefee Motor Company.  He was told by the salesman of the company that due to his minority it would be necessary to have some one else also sign the note.  A questionnaire was submitted to the defendant Mastio to determine his credit rating, and, the information proving satisfactory, the note was executed by the defendants as co-makers on October 21, 1930.  The motor company then discounted the note to the plaintiff on October 24, 1930, for cash.  Schoneke made one payment of $15, but failed to pay

the other monthly installments as they fell due. The car was wrecked by Schoneke in December, 1930, and, notwithstanding amicable demand upon both defendants, the note was not paid. The note contained a provision that failure to pay one installment would ipso facto mature the remaining installments in their entirety.

The plaintiff, by satisfactory evidence, has established that it is a bona fide holder for value in due course before maturity and that the balance claimed is due.

The evidence of Mastio, the defendant, tending to establish the defense of fraud, consisted of the testimony of his wife and a friend, who stated that Mastio, at the time he signed the note, was very sick, being an invalid confined to bed for three years, and that he did not appreciate that he was signing a note, but was led to believe by the auto salesman that he was merely signing a recommendation that young Schoneke was trustworthy, in order that Schoneke might purchase the automobile.

Conceding that the salesman was guilty of fraud, a view most favorable to Mastio, but concerning which issue we do not express any opinion, nevertheless, as the evidence clearly shows that the plaintiff did not have any knowledge of the alleged misrepresentations of the salesman, the defense must fail, because plaintiff is a bona fide holder for value in due course before maturity of the note, and any equities between the original parties cannot be pleaded as a defense against it.

For the reasons assigned, the judgment is affirmed.